■   In the Matter of the Claim of JOSEPH F. DUMELLE, Respondent, v. TOWN OF BROOKHAVEN, HIGHWAY DEPARTMENT, et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Fund for Reopened Cases from a decision of the Workmen's Compensation Board which discharged the employer and its carrier and assessed the award against the Special Fund. The claimant injured his back in an industrial accident on October 4, 1946 and he was given an award for total disability until he returned to work on December 5, 1946. He thereafter suffered a recurrence of his back injury in September, 1947 and was given a reduced earnings award running to June 7, 1948. On September 27, 1950 the board approved a lump sum settlement in the amount of $1,500. The case was reopened on claimant's application dated May 28, 1956. At the time of the lump sum settlement claimant was working and the board has found that he continued to earn in excess of his preinjury wages until May 16, 1951. It was established that the claimant had a causally related change of condition and the Referee found that the claimant had a 75% disability on the date of the settlement. The issue on this appeal, squarely presented, is whether the board has correctly determined that the lump sum settlement was expended prior to three years before the reopening so that there was no payment of compensation within that period, thus making the Special Fund responsible for the award. In projecting the lump sum settlement the board has included those weeks during which the claimant earned in excess of his preinjury wages. If those weeks were to be excluded it is clear that the settlement would extend to within three years of the reopening, whether you use the disability compensation rate of $12.25 per week as contended by the Special Fund or the $14 set by the board. In applying the provisions of subdivision 7 of section 25-a of the Workmen's Compensation Law this court stated in *Matter of Weyzk* v. *Town of Stafford* (8 A D 2d 560, revd. on other grounds 7 N Y 2d 121) that "a lump sum settlement cannot be indefinitely extended by excluding weeks during which claimant worked at preinjury wages (*Matter of Primus* v. *Continental Forge & Tool Co.*, 7 A D 2d 178)." While *Weyzk* was reversed on other grounds, in the Court of Appeals, the court stated (pp. 124–125) in regard to the present problem "it is not necessary to turn to the controversy concerning the legality of excluding the weeks during which the claimant worked at preinjury wages in projecting the spread of the lump sum settlement at the weekly disability rate." The Special Fund relies on *Matter of Rainer* v. *Modern Mfg. Co.* (265 App. Div. 1023) where this court held that because the claimant had lost no time from work or salary following the payment of a lump sum, that upon a reopening of the claim since the amount of the lump sum settlement had not as yet been affected by any reduction in the claimant's earning capacity and the three-year limitation from the date of the last payment of compensation under subdivision 7 of section 25-a had not yet begun to run the claim was not chargeable to the Special Fund. The court said "Under the facts of this case the amount of the lump sum settlement has not as yet been reduced by any reduction in claimant's earning capacity". While *Rainer* and *Weyzk* can be factually distinguished in that in *Weyzk* as in the

case at bar, there was a period of reduced earning capacity subsequent to the settlement which consumed the lump sum, these precedents seem theoretically inapposite. There is nothing contained in the language of section 25-a which warrants the conclusion that the Legislature intended that in fixing the date of last payment, the weeks during which the claimant worked at preinjury wages, were to be excluded. The section deals specifically with a shift in responsibility as between the insurance carrier and the Special Fund under circumstances outlined in that section. The problem can be argued with plausibility on either side but we feel constrained to follow *Weyzk*. Decision unanimously affirmed, with costs to the respondent Firemen's Fund Insurance Company. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.